Good morning, your honors. Ben Coleman for the appellant Patrick Jones. I was going to start off with the entry into the the warrantless entry into the hotel room and then I was going to move to the warrantless seizure and search of the cell phone and if I have a few seconds at the end I'll just briefly mention a few things about the uncertified claim. With respect to the entry into the hotel room, what we have here is a situation where it's 4 in the morning and the suspects are sleeping. The officers then go to the hotel room, the door is slightly ajar, they hear no noise, they actually, although the testimony is not entirely clear, they can see that the suspects are in bed. It's our position that this isn't exigent circumstances, it's slumber circumstances. If the suspects are sleeping, there's no exigency that either there'll be some obstruction of evidence or some harm to somebody else. We've cited two cases from this court which seem to emphasize that if the police have information that the suspects are sleeping, that significantly diminishes any exigency. And so for that reason alone, we think that the court doesn't even have to get to perhaps more complicated cell phone issues. The initial entry in and of itself was unconstitutional and violated the Fourth Amendment. If the court disagrees with that and thinks that the entry was permissible, we then get to the warrantless seizure and search of the cell phone. It's our position that even before Riley, what the officers did in this case clearly violated the Fourth Amendment. What happens after they go into the hotel room is that they order everybody out of the hotel room, they then run records checks, I think they also perhaps do some type of curbside identification, all while they're outside the hotel room. There are, I think, four officers there. The suspects are now able to go back into the hotel room and they seize Mr. Jones's cell phone and then at some point they search the cell phone as well, all without a warrant. The district court made a finding that this search of the cell phone was incident to arrest. Where was the error in that analysis? Well, the error is that the very case that you cited, Maddox, demonstrates that if the suspects are already secure, if they're no longer, if they're away from the cell phone or from the object, if they're outside of the room and they're secure, you can't then go in and do a search incident to arrest. So he, it's our position that he just, the very case that he cited, refutes his search incident to arrest determination. Well, let me ask this, you agree that if it was incident to the arrest, then there's no need to find exigent circumstances, you agree with that? No, well first they have to find exigent circumstances to get into the room. That's the first thing. So you do have to at first find that there was exigent circumstances. I don't think the court can avoid that, that issue. Obviously the court can avoid it, you could just say look we don't have to determine that because we think that the search, the seizure and search of the cell phone was illegal anyhow, so we don't have to get to the exigency, but I don't think the court could reject our claim and not reach the exigency issue if that, if that answers your question. Or probable cause that a crime has been For exigency there also needs to be probable cause, we're obviously focusing more on the exigency than the probable cause issue. It's our position that when the officers are told that the suspects are sleeping and they actually can pretty much confirm that the suspects are sleeping, they hear it's 4 in the morning, they hear no noise coming from the room, at that point there is no exigency. In most of the cases what you see are like armed fleeing suspects who flee into a home or a room where you hear these loud crashing noises coming from the room, so you know that something is going on, maybe they're starting to destroy evidence or something. Here they're sleeping. And there cannot be a more infringing Fourth Amendment violation than a warrantless entry into a home, which this is essentially a home, at night, you know, with no exigency. That's about as extreme as it gets as far as a Fourth Amendment violation goes. So it's our position that even if the court finds that there was probable cause, there just was no exigency to justify the entry into the room. So you're saying in this case, because you analogize this motel room to a home, that probable cause alone is not sufficient to enter the room to arrest the suspects? That's correct, Your Honor, and this court's case law is pretty clear that, actually it's very clear, that the hotel room is the equivalent of a home for Fourth Amendment purposes. I see a few minutes left. I'll try to save a little bit of time for rebuttal. I just wanted to say, well, we don't think the court needs to get to the uncertified issue because we think the petition should be granted based on the Fourth Amendment claims alone. On the cell phone, why did you just disagree with the district court's ruling that it was incident to arrest? Well, I guess we have several arguments. The first is, yes, we don't think that the officers could do a permissible search incident to arrest when they have removed the suspects from the room. At that point, when they're secure and separated from the room, the officers can't then go back into the room and conduct a search and seize Mr. Jones's cell phone. The search incident to arrest doctrine disappears because the cell phone is not in his immediate control or possession. It's not within his reach or anything like that. Is it clear, the record clear, that they took the defendants out and then they re-entered the room on the second re-entry that they discovered the cell phone? I'll say this, I wouldn't say the record is clear, but I think that's what the record shows. The reason why the record is not clear is because the government waived the search incident to arrest doctrine below. They never raised this. But what the documents that we do have show is that, yes, one of them says they brought him out to a different part, the front area of the room. Another document says they actually brought them outside of the room and then ran records checks and then did a curbside identification. Then, well, after all that's going on, they then go back into the room and they seize the cell phone. So it's our, our first position is that that is not a valid search incident to arrest because they've been separated, he's been separated from his phone. But even if the court were to disagree with that, you know, we then come to these Riley issues as to whether the officer could then seize and search the cell phone without a warrant. It's the, it was the, the district court recognized that that's still an invalid search. You're not allowed to do that. It was, as we all know, based on Riley. What the district court found was that, well, it was a good faith search incident to arrest. This court's case, Camus, is probably the most closely on point case. In Camus, this court found that a pre-Riley cell phone search was not saved by the good faith doctrine. And it's our, we, Camus was decided shortly before the district court entered its order. I filed a supplement, supplemental citation to the district court informing him of Camus, but the district court didn't cite Camus or address Camus at all. So it's our position that even if you want to say this was a search incident to arrest, which we don't think it was under long-standing precedent, the search of the cell phone was still invalid. Now, the government is saying that there's, there's another recent case that came out after I submitted my opening brief called Lustig. And Lustig said that you could do, that before Riley, officers could in good faith conduct a search incident to arrest if the cell phone was on the defendant's person at the time. But in this case, the cell phone wasn't on his person. It was in the hotel room. He wasn't, he was totally separated from the cell phone. So it's our position that even if you want to go that far, there's still a Fourth Amendment violation based on the search of the cell phone. Even if you want to somehow say it was incident to arrest. Thank you. Good morning, Your Honors. Emily Kiefer for the United States. In this case, the petitioner Jones has failed to produce evidence or even allegations sufficient to overcome the strong presumption that his trial counsel performed competently. Because this case arises in the habeas context, it is the petitioner Jones's burden to prove that the searches and seizures here were illegal. At each step along the way, Jones has failed to meet this burden and has failed to show that a suppression motion would have been strategically advantageous. As an initial matter, probable cause and exigent circumstances justified the entry into the motel room. Because of that, the arrest of Jones and the seizure and search of his phone incident to arrest were proper under then existing binding appellate authority. Let me stop you right there. First of all, on probable cause. Uh, so your position is that probable cause alone is sufficient to enter and arrest a person inside his home without a warrant? No, Your Honor. My position is that that's that's Mr Coleman's position, right? My position, Your Honor, is that probable cause and exigent circumstances were necessary and were present in this unique exigent circumstances. Yes, Your Honor. All right. What's what's exigent circumstances here? The exigent circumstances, Your Honor, are established by the victim's statements to officers. The victim conveyed to the officers that she had been physically assaulted and sexually exploited. And in conveying that story told the officers that a small unknown child remained in the room. The officers documented their fear for the safety of that child. What did they did they question this victim about anything further about the child except a small child? What does that mean? Your Honor, the record below indicates only that there was a small unknown child in the room, and the officers were concerned about the safety of that child. How old is a child? Anything like that? That's not in the record below, Your Honor. You don't suppose you know how old the is a baby in exigent circumstances? Well, Your Honor, there were four criminals here who had just assaulted and abused a young girl. The young girls. How old? She was 14 year old trying to pass for 18, right? But she was 14. So you think a person will say who, you know, a prostitute to 14 year old is likely to attack a baby. I understand Your Honor's concern. However, the officer's actions must be judged. My question is, how exigent is that circumstance? I believe it's very exigent, Your Honor, because the officers what we have to do now, even though it's 2020 hindsight is we have to put ourselves in the shoes of the officers who are confronted with a near hysterical child who's almost unable to communicate with them. The record reflects that she was in tears. She had difficulty communicating, and what she was able to communicate to the officers was that there was a small unknown child inside the room, and that is what, in large part, informed the officers, as they documented at the time, that they were concerned about the safety of this small unknown child in the room. So the statement that there's a small child in the room from an hysterical victim gives rise to exigent circumstances, right? That, among other things, another important point is that this court must keep in mind the totality of the circumstances that the officers faced. So not only concerns about safety of the unknown child, but also concerns about destruction of evidence, and as the district court found here, a finding which is subject to clear error review, the particular evidence here, the photos on the phone of the defendant, were subject to easy destruction within a matter of seconds, either by smashing the phone. How did the district court know that, that it's subject to destruction? I think that that's a common-sense inference, both from... Isn't there, aren't there forensic techniques to recover that kind of stuff? Your Honor, I'm not familiar with forensic techniques that could be used on evidence that was physically destroyed. There's nothing in the record about that, is there? I mean, just like, you know, if I were the judge, I'd say, well, I know you can, you can, you know, delete a photo from a phone, so it's being destroyed. Well, maybe it's not being deleted and being destroyed are two different things, aren't they, in the cyber world? I understand, Your Honor. Unless you physically smashed the phone, then it might not be recoverable. Exactly, Your Honor. That, that, that is my response. The concern is that... Which hasn't happened, though. Yeah, there's a child there, and if the suspects wake up and find the 14-year-old victim missing, that they could then destroy the evidence? Yes, Your Honor. They could do so, as the district court found within a matter of seconds, by smashing the phone manually. I'm not familiar with any technique for recovering evidence in that scenario. Moreover, and more importantly, it's the defendant's burden, it's the petitioner's burden here on habeas review to establish facts that, if true, would warrant habeas relief. And not only that, it's the defendant's burden to show that the searches and seizures here were illegal, and he simply has not done so. So, the exigencies presented to the officers at the time of arrest were both concerns for the safety of the unknown child in the room, as well as concerns about destruction of evidence. In their totality, that... Let's get to the other half of it, of that, the seizure and examination of the search of the cell phone. What are the facts as to whether it was an incident or an arrest? Yes, Your Honor. So, under then-existing binding appellate authority, the officers had the ability, as this court recognized in Lustig, to search a cell phone that was on the person of the defendant at the time of arrest. This court's authority in Anderson extended the search incident to arrest doctrine to items within the wingspan of the defendant at the time of arrest. Now, Mr. The search incident to arrest doctrine does not apply when the defendant is removed from the room, but at the time that this arrest occurred, that simply was not true. This court's precedent in a trio of cases, United States v. Smith at 389 F. 3rd 944, United States v. All three of these cases deal with circumstances where the search incident to arrest did not occur immediately at the time of the search. In Hudson, the search... At the time of the arrest? I'm sorry? It did not occur at the time of the arrest? It occurred sometime after the individual was secured. So, in Hudson, for example, the defendant's bedroom was searched after the defendant had been arrested, handcuffed, and removed from the house. But nonetheless... Searched for what purpose? I'm sorry? Searched for what purpose? I don't have at my fingertips what the purpose was. No, a search to see if there are other dangers to the police in a house is permissible. If they're trying to find out whether there are other people hidden, there are things for the police to be... It's different from a search for narcotics. I understand, Your Honor. And I would just bring Your Honor's attention to two cases, United States v. Turner, which I already mentioned, as well as United States v. Anderson. In United States v. Turner, the arrestee was removed, handcuffed, and because there was not a long delay between that and when the search occurred, the search was considered valid. Likewise, in Anderson... What were they searching for there? I believe they were searching for contraband. In Anderson, they certainly were searching for contraband. What they found in a suitcase next to the defendant after the arrest was affected was cocaine. Does the record here reflect the timing? Your Honor, the record does not reflect the timing, other than what we have here is even if you take everything that the petitioner has currently alleged in his legal filings, it would still not bring it outside of a search incident to arrest. What the petitioner has alleged in his legal filings to this court is that the search occurred before his arrest inside the hotel room. This situation is therefore quite different from that in Camus, where it was a station house search that occurred an hour and 20 minutes later. But Your Honor, more importantly than any of this is that a search warrant was obtained in this case. So even if there was a problem with the initial search that occurred incident to arrest, a search warrant here was obtained shortly after the defendant's arrest. Officers did what you would want them to do and obtained a warrant that was completely independent of any prior search that had occurred and was based solely on the victim's statement corroborated by accomplice testimony from Shandrea Duro. So the inevitable discovery doctrine here applies and the search and the forensic examiner who signed the affidavit for this search warrant was the same person who testified at trial and admitted all of the physical phone evidence at trial. Everything but the same same probable cause that Mr. Coleman says is lacking for the entry and all that has to support the issuance of the warrant, right? Yes, Your Honor, and I believe that there was probable cause here. But so I mean, saying there's a search warrant doesn't add that much because the same showing has to be made for the issuance of the warrant. It has to be made now. Correct, Your Honor. So there's there's two steps, as Your Honor has noted, whether to get into the hotel room and then whether the phone search was appropriate. So if you get into the hotel room with probable cause and exigent circumstances, which was a warrant for the to search the phones Yes, the warrant to enter the hotel room. It was to search the phones that had been seized. So probable cause was found by a judge based on the same statements that the victim made to the officers and that were corroborated on the scene. So probable cause to search the phones was found in a warrant and that warrant was executed by the affiant who then testified at trial and all of the physical phone evidence that was admitted at trial was admitted through that affiant who So at step two, if there's an issue with the initial search of the phone, if there's a problem, it's cleansed by the fact that there's an independent warrant. The warrant makes no mention at all of any prior search. So even if the prior search incident to arrest of the phone was deemed improper, all of the evidence that came in at trial was properly admitted pursuant By the way, the search warrant you're referring to is the one that's the subject of your motion for judicial notice, right? Correct, your honor. Thank you. If there are no further questions. If you respond to the council's last argument that because they received a subsequent warrant that cures any vice with respect to the search of the cell phone. Yes, your honor. That's where I was going to start. The first thing is this warrant, the first time it ever came up is now. It was never introduced below. This argument was waived. Never heard anything about it until appeal. In any event, even if you excuse the waiver, the search warrant, they say it's completely independent. It's not. It's based on the seizure, the illegal seizure of the cell phone. The search warrant says we want to seize this particular cell phone that we got in the hotel room. Well, there wouldn't be anything wrong with their taking the cell phone. Your complaint is examining what's inside the cell phone, isn't it? Well, it's both, your honor. I do think there's... Suppose they had just come in, they had taken the cell phone, not looked at it, but that that was part of what was in the hotel room and they wanted a warrant to examine it. Would there be anything wrong with that? I still believe there would be, and I have other arguments as well, but there would be because it's our position that once they removed the defendant from the hotel room, they then needed to get a warrant to seize the cell phone in the hotel room. They never got a warrant to search and seize the items in the hotel room. That's what... Well, they got it after the seizure. No, they only got a warrant for the phone. They didn't get a warrant for the hotel room. So the problem is they illegally seize the item from the room and then they say, hey, we have this item that we've illegally seized and we want to search it. That's not independent. The entire affidavit for the warrant is based on the illegal seizure of the phone. But even if the court disagrees with that, what they did is then after they seized the phone, they searched it, then they interrogated my client, who at first denies culpability, and then they say, hey, look, we found the pictures in your phone. We know you're lying. Then they get him to confess to that, and then several days later, they get the warrant. In Camus and in London, which are two cases we cited, the officers also got a warrant belatedly sometime later, and this court still held that there were not... the inevitable discovery rule didn't apply. The same thing happened in Camus. Three or four days after they illegally searched the cell phone, they went ahead and got a warrant, and this court said, no, inevitable discovery doesn't apply. Same thing happened in London. In London, they actually did it much quicker. They did it the very morning after the illegal search, and this court still said inevitable discovery doesn't apply. I go back and say they did not raise inevitable discovery in the district court. No, they did, but they didn't raise the warrant. They never produced the warrant until now, but they did raise inevitable discovery. I give them that they did. And what is it that they've done that's new on appeal? They've given you the warrant. This warrant just came out of nowhere. I guess they found it when they were preparing their appeal, and they said, oh, several days later, they got a warrant. That was never introduced in the district court. That's our position. It's waived, but even if the court excuses the waiver, we have all these arguments as to why the warrant doesn't circumvent anything. The other thing I just want to say is the government, and I know I'm over, the government keeps on saying, I haven't met my burden, but the problem that we have here, and it's continuing today, the government got up here, and I think they just cited three cases that said to you that my argument was incorrect based on three cases that they didn't cite before, so I don't know if those three cases are on point. I think they said Hudson, Smith, and Turner or something. I don't think they cited those before, so I have to go and look at them now, but they keep on making new arguments. I said the search was illegal because they had no warrants. They come in below and say it was a probation search, so I respond. I say no, he's not on a probation condition. Then they shift to a new theory later. They're the ones who know what their officers did and why they did it. I'm not here, I can't articulate all the exceptions that they want to rely on. It's their burden to justify the searches, and they're not doing it. It's my burden to say there was a warrantless search. We all agree there was a warrantless search. There was a warrantless entry into the room, a warrantless seizure of the phone, and a warrantless search. It's their burden to do that, and they've woefully failed in this regard. Thank you, counsel. Is your opponent correct that these cases you cited are not mentioned in your brief? Your Honor, the particular three cases I cited, Hudson, Turner, and Smith, are not in my brief. The three that you relied on are not cited, and you argued them without notifying counsel that you were going to be relying on those cases? Yes, Your Honor. I have given those citations to the court today, and they are in- Been in your argument? Yes, Your Honor. All right. You should give the clerk the citations, and in the future, if you're going to argue cases that you've never used before, you should advise your opponent that you're relying on those cases so that we can have an intelligent argument. I understand, Your Honor. Thank you. Thank you, counsel. The case is arguably submitted.
judges: Reinhardt, Tashima, Nguyen